IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE ) <br> GROUP and PRUDENTIAL PROPERTY ) <br> AND CASUALTY INSURANCE ) <br> COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> GERALD SCOTT JOHNSON and ) <br> LINDSAY JOHNSON, ) <br> ) <br> Defendants. ) | 2:06-cv-03 |

## MEMORANDUM ORDER

Pending before the Court for disposition is the MOTION FOR SUMMARY JUDGMENT (Document No. 18) filed by Plaintiffs Liberty Mutual Insurance Group and Prudential Property and Casualty Insurance Company ("Insurers"). The issues have been thoroughly and professionally briefed by both sides (Document Nos. 20, 24, 25) and the motion is ripe for resolution.

The Insurers filed this action seeking a declaratory judgment that Defendants are not entitled to underinsured motorist benefits. The underlying accident occurred on October 20, 2003 while Gerald Johnson was in the course of his employment by PENNDOT as a member of the cleaning crew for the Squirrel Hill tunnels. Crew members rotated jobs to break the monotony. For four of the five nights of his work week from April through November, Johnson drove or rode as a passenger in either the "wash truck" or the "crash truck" during the nightly cleaning of the tunnels. Every workday, for most of his shift, Johnson was in a PENNDOT vehicle. On the night of the accident, Johnson was a passenger in the "crash truck," a Ford dump

truck that was used to protect the cleaning crew in the wash truck.  There were three different "crash trucks" available, one of which went out each night with the wash crew.

Johnson had a personal automobile insurance policy from Prudential and after the accident he sought underinsured motorist benefits under that policy.  Prudential denied coverage, citing its "regular use" exclusion.  The provision at issue states: **PART FIVE – UNDERINSURED MOTORIST - 5. E. LOSSES WE WILL NOT PAY FOR ...**

    **3. Non-owned Motor Vehicles**

> **We will not pay for bodily injury sustained while using or occupying a non-owned motor vehicle or trailer not insured under this part, that is furnished or made available for the regular use by you or a household resident**.

Plaintiffs seek summary judgment on their request for a declaration that the "regular use" exclusion applies on these facts and also on Defendants' counterclaim, which alleges that the denial of coverage was in bad faith. There are no material disputes of fact.  Defendants admitted each of the paragraphs of the Concise Statement of Undisputed Facts and added several additional quotations from deposition testimony to which Plaintiffs have not objected.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams v. Borough of*

*West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249).  Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

      Defendants make three primary arguments.  First, they contend that the "regular use" exclusion does not apply under the facts of this case.  Second, Defendants contend that this issue should be resolved by a jury, rather than the court.  Finally, Defendants argue that it is premature to dismiss their bad faith counterclaim because discovery has been stayed pending resolution of the "regular use" exclusion.  The Court does not find any of Defendants' arguments to be persuasive.

      As an initial matter, the Court recognizes that whether a vehicle falls within the "regular use" exclusion normally is a jury question.  *Crum and Forster Personal Ins. Co. v. Travelers Corp.*, 631 A.2d 671, 673 (Pa. Super. 1993) (quoted at page 10 of Defendants' brief).  However, the next sentence of that quotation, which Defendants omitted, states: "Where the facts are not in dispute, however, and reasonable minds cannot differ regarding the result, the issue of coverage can be decided as a matter of law by the court."  *Id.*  As noted above, there are no disputes of fact in this case.  Interpretation of an insurance contract is a matter of law for the courts.  *Paylor v. Hartford Ins. Co.*, 640 A.2d 1234, 1235 (Pa. 1994).  Courts have generally found the "regular use" exclusion to be unambiguous.  *Prudential Property and Casualty Ins. Co. v. Hinson*, 277 F. Supp.2d 468, 472 (E.D. Pa. 2003).  Thus, numerous cases involving the "regular use" exclusion

have been resolved on summary judgment. *See e.g., Crum and Forster; Hinson,* 277 F. Supp.2d at 474*; Calhoun v. Prudential General Ins. Co.*, 2005 WL 1154599 (M.D. Pa. 2005); and cases cited therein. Moreover, even construing the record in the light most favorable to Defendants, the Court concludes that no reasonable jury could find in their favor.

      Defendants contend that Johnson did not regularly use the crash truck. They point to the following facts: the crash trucks were not used at all from November through April; Johnson used the crash truck approximately four nights per month; the keys were locked in the PENNDOT garage and the supervisor had to approve use of the truck and get the keys; the cleaning crew did not take the crash trucks home at night or use them for other errands. Defendants rely heavily on *Nationwide Mutual Ins. Co. v. Shoemaker*, 965 F. Supp. 700 (E.D. Pa. 1997) (holding that a granddaughter's daily use of grandmother's car for three weeks constituted regular use), for the proposition that blanket permission for use and an available set of keys are important factors in the analysis. However, as the Court in *Hinton* explained, those factors apply to family usage but not in the employment context. 277 F. Supp.2d at 474. Defendants also rely on *Crum and Forster*, 631 A.2d at 671 (granting summary judgment to insurer where victim had driven his grandmother's car five times per week for the preceding four years), for the proposition that "regular use" must be habitual and principal, as opposed to casual, occasional or incidental. *Crum* also involved a family situation and did not consider an employment setting involving a fleet of vehicles. Even under the test used in *Crum*, the Insurers would be entitled to summary judgment. As explained in *Calhoun*, several courts have concluded that the "regular use" exclusion applies to fleet vehicles. In *Calhoun*, a newly-hired police officer had never driven the actual vehicle until the date of the accident, although his

typical duties involved riding in one of the nineteen vehicles available at the barracks. The Court explained that the dispositive issue was not actual use, but availability, and the employer's intent that at least one vehicle would be provided for his on-the-job use. 2005 WL 1154599 *2-3 (citations omitted). Similarly, in *Hinson*, a part-time policeman worked 20-40 hours per month, during which time he drove one of two cars that were available. The Court explained that these vehicles were provided by his employer, were suitable and ready for use in the performance of his job duties, and were readily obtainable by him whenever he worked, although he did not have "blanket permission." 277 F. Supp.2d at 474-75. The Court further noted that the exclusion applies to the entire pool of vehicles furnished for regular use by employees. *Id.* n.5.

The Court finds these cases to be analogous and persuasive.[1] It is undisputed that PENNDOT provided the crash trucks and wash truck for systematic and repeated use by the cleaning crew for the performance of their job duties. Johnson used a crash truck on a repetitive, predictable schedule and they were readily obtainable by him. Thus, the facts set forth by Defendants which resulted in less frequent actual use of the actual truck involved in the accident are irrelevant. It is indisputable that Johnson's use of the crash truck was a principal and habitual part of his job and no reasonable jury could conclude that his use was casual, occasional or incidental. Accordingly, the "regular use" exclusion applies and Plaintiffs properly denied coverage.

Given the above analysis, the Court need not address Defendants' bad faith counterclaim

---

[1] The Court concludes that the cases cited in Plaintiffs' Reply Brief, *Burstein v. Prudential Property and Casualty Ins. Co.*, 809 A.2d 204 (Pa. 2002), *Prudential v. Gisler*, 806 A.2d 854 (Pa. 2002), and *Prudential v. McAninley*, 812 A.2d 1164 (Pa. 2002), are not dispositive because the issue in those cases was whether the "regular use" exclusion was void as against public policy.

in detail.  Simply put, the Insurers' denial of coverage was based on a reasonable (and correct) interpretation of case law.

In accordance with the foregoing, the MOTION FOR SUMMARY JUDGMENT (Document No. 18) filed by Plaintiffs Liberty Mutual Insurance Group, and Prudential Property and Casualty Insurance Company is **GRANTED**.  The clerk shall docket this case closed.

SO ORDERED this 14th day of June, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Gerald J. Hutton, Esquire
        Email: gerald.hutton@libertymutual.com

        Mark A. Eck, Esquire
        Email: meck@mdbbe.com